UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LESTER L. ENGLAND,

        Plaintiff,

  v.

DANIEL J. RODRIGUEZ *et al.*,

        Defendants.

Case No.  C07-5181RJB

ORDER TO SHOW CAUSE

    This matter comes before the court on plaintiff's filing of an application to proceed in forma pauperis and the submission of a complaint for service. The Court, having reviewed the record finds the following deficiencies:

    1. Plaintiff's complaint is deficient. Plaintiff names as a defendant his court appointed counsel from his criminal appeal, Daniel Rodriguez.  He also names a person who works for the department of assigned counsel, John H. Hill, and several persons who work for the Washington State Bar Association (Dkt. # 1, proposed complaint).  Plaintiff alleges counsel's performance was deficient.

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020

ORDER
Page - 1

(1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Plaintiff names assigned counsel from his criminal appeal and a supervisor from the department of assigned counsel. Defense counsel, even if they are assigned counsel, do not act under color of state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

Further, plaintiff has failed to plead facts showing how any of the defendants who work for the Washington State Bar Association have deprived him of any right or duty owed to him under the United States Constitution. Plaintiff alleges Mr. Rodriguez was disciplined and disbarred for other unethical practices and that Mr. Rodrigez cannot be found in the State of Washington (Dkt. # 1).

In a Civil Rights Action, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff does not show how the named defendants acted under color of state law to deprive Plaintiff or a right or privilege protected by the United States Constitution or federal law.

Accordingly, this court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than June 15, 2007.**

(ii) The clerk is directed to send copies of this order and the General Order to plaintiff.

DATED this 14 day of May, 2007.

> */S/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge